UNTIED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: )
R & K REALTY ) CASE NO. 4:21-bk-01430-MJC
    Alleged Debtor ) CHAPTER 7
)

**BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR ABSTAIN
PURSUANT TO SECTION 305 OF THE BANKRUPTCY CODE**

I. **FACTUAL SETTING:**

This matter arises in the context of a recalcitrant general partner initiating an involuntary Chapter 7 proceeding against his partnership so the recalcitrant general partner can avoid the court ordered duty to provide relevant financial information to the only other general partner. The matter was not initiated by a creditor seeking redress nor by the partnership itself. It is only the recalcitrant general partner who wishes to invoke the special jurisdiction of the Bankruptcy Court.

The facts establish the recalcitrant general partner has continuously breached his fiduciary duty to provide relevant information to the other general partner for several years. The recalcitrant general partner has also failed to account for his ongoing personal use of partnership assets despite multiple requests to do so. This intra-partnership dispute resulted in the initiation of a civil action in the Court of Common Pleas of Lycoming County on January 25, 2021 in which the remaining general partner requested relief against the recalcitrant general partner as well as the inevitable need to bring the partnership to a close due to the total breakdown in communication between the two partners. As an added

Page **1** of 9

measure, the context of the matter is further complicated by the fact that the two general partners are brothers.

II.     ANALYSIS:

Under 11 U.S.C. §305(a)(1) a bankruptcy court with jurisdiction under Section 303 has authority to dismiss or suspend all proceedings in a Chapter 7 case at any time "if the interests of creditors and the debtor would be better served by such dismissal or suspension". Several cases have outlined the general factors to be considered in applying this standard. In In Re: ABQ-MCB Joint Venture, 153 B.R. 338 (Bankr. D. N.M.1993), an involuntary Chapter 7 debtor moved to dismiss a petition filed against it by one of two general partners to the venture. The court noted at 153 B.R. at 341:

> Under 11 U.S.C. §305(a)(1), this Court has authority to dismiss or suspend all proceedings in this Chapter 7 case if the interests of creditors and the debtor would be better served by such dismissal or suspension. MCB, citing In re Colonial Ford, Inc. 24 B.R. 1014, 1020 (Bankr.D.Utah 1982), has asserted that the factors this Court should consider in deciding whether to abstain or dismiss under section 305 are fairness, priorities in distribution, capacity for dealing with frauds and preferences, speed, economy, freedom from litigation, and the importance of a discharge to the debtor. ABQD, citing In re Beacon Reef Limited Partnership, 43 B.R. 644 (Bankr.S.D.Fla.1984) and In re Deacon Plastics Mach. Inc., 49 B.R. 982 (Bankr.D.Mass.1985), has asserted that the Court must also consider the access of the parties to a pending state foreclosure forum, the small number of remaining creditors, the necessary complexity of the bankruptcy process, efficiency, and economy of administration.

Like the case at bar, the court found the overriding purpose of the bankruptcy filing had more to do with the self-interest of the initiating general partner than with the legitimate interests of the alleged debtor and any creditors. The court wrote at 153 B.R. at 341:

> This Court agrees that it must consider each of the factors suggested by ABQD and MCB. The Court finds these factors mandate dismissal of this proceeding. It appears to this Court that MCB is using the bankruptcy process solely for the purpose of moving state court litigation

to this forum. No showing has been made that any preferences exist that may only be dealt with in this forum. No showing has been made that a discharge is important to the debtor. No showing has been made that speed or economy mandate the use of this forum over state court.

Other courts have held that dismissal pursuant to Section 305(a)(1) is appropriate when the petitioning party is seeking to use the bankruptcy court as an alternative approach to state court procedures to resolve intra-company management and stockholder disputes. *See* Matter of Win–Sum Sports, Inc., 14 B.R. 389 (Bankr.D.Conn.1981); In re Beacon Reef Limited Partnership, 43 B.R. 644 (Bankr.S.D.Fla.1984). The *Beacon Reef* decision is particularly instructive. In that case, an involuntary petition was filed against the partnership by its sole limited partner. Two of three general partners moved for dismissal or abstention. The court determined to abstain from the case under Section 305 after considering, among other things, the access of the parties to a pending state foreclosure forum, the small number of remaining creditors, and the necessary complexity of the bankruptcy process. The court reasoned that the dispute was primarily between the petitioning limited partner and the two active general partners. The court further reasoned that the limited partner had an adequate remedy at state law to raise defenses in the pending foreclosure proceedings and as between the parties to the partnership agreement. Beacon Reef 43 B.R. at 646.

The ongoing state court litigation here in Lycoming County that was initiated seven (7) months ago to bring the dispute between the two partners to a conclusion is also relevant especially given the court ordered obligations the recalcitrant general partner has failed to perform. In In re Robert A. Spade, 258 B.R. 221 (Bankr. D.Co. 2001), the court considered a Section 305(a) motion in the context of a creditor initiated motion. The court wrote at 258 B.R. at 231:

> In determining whether dismissal under §305 is appropriate, courts must look to the individual facts of each case. See In re Trina Assoc., 128 B.R. 858, 867 (Bankr.E.D.N.Y.1991). Courts applying the broad interpretation of §305 have considered a number of different criteria to determine whether a case should be dismissed under this section, including, but not limited to:
> (1) the motivation of the parties seeking bankruptcy jurisdiction;
> (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;

Page **3** of **9**

(3) the economy and efficiency of administration;
(4) the prejudice to the parties;

See In re Fax Station, Inc., 118 B.R. at 177 (and cases cited therein); In re Tarletz, 27 B.R. at 793; In re Realty Trust Corp., 143 B.R. at 926.

Using this analysis, the court determined the petition was a litigation tactic and rather than condone the self-interest of a single creditor the creditors as a whole were better served by allowing the state court action to continue. The court also observed the Chapter 7 proceeding would "only add an additional layer of expense to the resolution of this two-party case" pointing out the need for the parties "to pay the fees and costs of any specialized bankruptcy counsel hired by the trustee" and that the state court will still "afford creditors a suitable forum to resolve this dispute". The court also noted that if the Chapter 7 case were to continue "there is no guaranty that (debtor) would remain in Chapter 7, however". 258 B.R. at 236.

The context of an ongoing partner dispute dragging a partnership into the bankruptcy court has resulted in dismissal under Section 305(a) in other cases. In In re Argus Group 1700, Inc., 206 B.R. 737 (Bankr. E.D. Pa. 1996), the court wrote at 206 B.R. at 755-56:

> As already discussed at length, this bankruptcy case is in essence a two-party partnership dispute that implicates purely state law issues. As concluded above, there is no need for federal court to resolve this dispute; rather, the proper course is to remand it to the State Court. *See* In re Mazzocone, 183 B.R. 402, 421 (Bankr.E.D.Pa.1995) ("[b]ecause a bankruptcy forum is often not the proper forum in which to adjudicate non-bankruptcy issues, litigation of such issues is frequently best left to the state courts and should not be imposed upon this specialty court unless necessary to resolve a bankruptcy-centered dispute"; "bankruptcy courts have resorted to §305(a) when they have determined that they are not the proper forum to decide...partnership disputes."), *aff'd,* 200 B.R. 568 (E.D.Pa.1996); In re Silver Spring Center, 177 B.R. 759

> (Bankr.D.R.I.1995) (abstention under §305(a) granted where bankruptcy involved a classic two party dispute involving solely state law issues that were pending before the state court); Monsour Medical Center, Inc. v. Stein (In re Monsour Medical Center, Inc.), supra, 154 B.R. at 207 ("Dismissal pursuant to section 305 is especially appropriate when another forum is available to determine the parties' intent and an action has been commenced in that forum."); In re Fax Station, Inc., 118 B.R. 176 (Bankr.D.R.I.1990) (dismissal under §305(a) appropriate where petitioners were seeking to use bankruptcy court as an alternate approach to state proceedings to resolve intra-company management and stockholder problems and not for the purpose of obtaining an orderly distribution of creditor claims); In re Business Information Company, Inc., supra, 81 B.R. at 387 (noting that courts have held that abstention is appropriate under §305(a) when another forum is available to determine the parties' interests, and in fact such an action has been commenced).

The court further noted that Congress did not create bankruptcy courts to provide an alternate forum for disgruntled state court litigants.

The state court action here in Lycoming County has already progressed to the point that a receiver has been appointed and all parties have been under a court order since May 26, 2021 to turn all rent receipts over to counsel and ultimately the receiver. This is the very action that is needed to best serve the interests of the alleged debtor and the legitimate secured creditors. The delay created by the recalcitrant general partner's efforts to not follow this simple relief actually creates a disservice to the alleged debtor and the legitimate secured creditors by interfering with the orderly collection of ongoing rent.

The status of the state court action also distinguishes this case at bar from other cases where courts ruled a Section 305(a) dismissal was not warranted. In In re Pallet Reefer Company, 233 B.R. 687 (E.D. La.1999), the court found pending state court actions in both Delaware and Louisiana were actually a hinderance to the interests of the alleged debtor and creditors especially since conflicting orders were entered in the two state court actions. In Pallet Reefer, the two parties had agreed as part of a state court action to

Page **5** of **9**

Case 4:21-bk-01430-MJC    Doc 33    Filed 08/24/21    Entered 08/24/21 16:53:33    Desc
Main Document    Page 5 of 9

arbitrate the two-party issues and the arbitrator eventually ruled in favor of one of the parties. Only <u>after</u> the dispute was resolved did the disgruntled partner seek Chapter 7 relief for the partnership. The court held since the two-party dispute was already resolved in the state court action by the arbitrator, the bankruptcy court would only need to oversee a liquidation which is something that either court could complete.

Further, state court actions were pending in both Delaware and Louisiana and each court had issued orders effectively preventing the other from proceeding. The bankruptcy court recognized this ongoing stalemate and ruled that due to the existing logjam of two competing state court orders the bankruptcy court would be able to move more expeditiously without the need to litigate which state court actually should proceed first.

In the case at bar, the issues between the two partners raised in state court remain to be litigated. Unlike the dispute in <u>Pallet Reefer</u>, the two-party dispute still needs to be resolved. Unlike <u>Pallet Reefer</u>, where two state court actions were stopping each other, the pending Lycoming County proceeding has already provided essential relief such as the appointment of a receiver and the court order that all rents are to be turned over to either counsel or the receiver.

In <u>In re Mylotte, David & Fitzpatrick</u>, 2007 W.L. 3027352 (E.D. Pa. 2007), the bankruptcy court was called upon to rule on a Section 305(a) motion in the context of a dissolving law firm facing adverse claims made by the various partners. The court identified the various factors to be considered to resolve the motion as follows:

> In reviewing reported decisions involving section 305(a), I agree with Mylotte that courts have applied this provision after concluding that there is pending litigation in a non-bankruptcy forum that can adjudicate the respective interests of all parties fairly and economically. As noted in <u>In re Macke Intern. Trade, Inc.</u>, 370 B.R. at 247:

> Typical circumstances for dismissing under § 305(a)(1) include the pendency of proceedings such as assignments for the benefit of creditors ... state court receiverships ... or bulk sale agreements.... Another consideration is where there are few, if any, valuable nonexempt assets and the administrative expenses would likely consume the entire estate....

(citations omitted); see also In re 801 South Wells Street Ltd. Partnership, 192 B.R. 718, 724 (Bankr.N.D.Ill.1996) ("A suitable alternative forum will be deemed to exist if in that forum 'there are pending arrangements that will equitably satisfy the creditors and not be unduly burdensome or prejudicial to the debtor,' so that continuation of the bankruptcy proceeding will be 'duplicitous and uneconomical.' ") (quoting In re RAI Marketing Services, Inc., 20 B.R. 943, 946 (Bankr.D.Kan.1982)). Consistent with this approach, an involuntary petition against a general partnership was dismissed by a bankruptcy court under section 305(a), when the petition was filed after commencement of a state court receivership, the state court had determined that a receiver was warranted, and state law afforded a more economical and efficient method for dissolving the partnership and liquidating its assets. In re Williamsburg Suites, Ltd., 117 B.R. at 220; see also Matter of Onyx Records, Inc., 42 B.R. 156 (Bankr.S.D.N.Y.1984); In re Michael S. Starbuck, Inc., 14 B.R. 134 (Bankr.S.D.N.Y.1981).

The court went on to recognize under the facts presented, however, that a receiver had not yet been actually appointed under Pa. R.C.P. §1533 since the trial judge was trying to proceed as an informal and unofficial "quasi-receiver" and further noted that multiple creditors were pursuing litigation against the alleged debtor in multiple counties. Relying on these facts, the court held a single Chapter 7 proceeding was the most economical forum to address the rights of the multiple creditors especially since no formal action had been taken in the state court to achieve that goal. On both of these issues, the instant case is distinguishable since Judge Tira in Lycoming County has already invoked the remedy of a receiver under Pa. R.C.P. §1533 and there are no creditors that are pursuing any litigation anywhere against the partnership.

Likewise, the interest of the debtor would also be served by allowing the state court action to proceed. A receiver has already been appointed and has been directed by the court on what steps need to be taken. The court has already ordered that all rents be delivered to either counsel or to the receiver. The lapse of time since May 26, 2021 when this relief was ordered and the need for the recalcitrant general partner to follow the court's direction are what is jeopardizing the alleged debtor's ability to meet its obligations. Further, the potential claims of the legitimate secured creditors are protected insofar as there is sufficient equity in the partnership assets to cover all legitimate secured claims. Any liquidation in either state court or the bankruptcy court will end the same for the legitimate secured creditors. Indeed, the creditors would be better served with the matter proceeding in state court because the remedy is already in place and the state court has already determined the scope of duties for the receiver. Indeed, it is unclear what motivation the recalcitrant general partner has for not wanting to follow Judge Tira's orders other than his own self-interest.

### III. CONCLUSION:

The matter before the court is the classic two-party dispute between two business partners who also happen to be brothers. One partner has been excluded from the partnership business and the other has breached his fiduciary duty to keep the other informed of the business operations and has failed to account for his own personal use of partnership assets. Multiple requests for information over the last three (3) plus years have been unanswered leading to the commencement of the Lycoming County litigation. Despite a court order to provide information, the recalcitrant general partner continues to stonewall and not provide even the most basic information regarding his activities for the

partnership. Rather than comply with the state court order, the recalcitrant general partner filed the instant bankruptcy court proceeding seeking to place the partnership in bankruptcy in order to protect his own breach of fiduciary obligations and his non-compliance with the court orders.

The proper forum to resolve this intra-partner dispute is in the Court of Common Pleas as a court of general jurisdiction. The special jurisdiction of a bankruptcy court is not needed to protect the debtor partnership nor any of the legitimate creditors of the partnership who are all in a well secured position. The receivership is already created and in place in the state court action and is sufficient to accomplish all of the above. The instant matter should be dismissed pursuant to Section 305(a)(1).

ROBERTSMICELI, LLP

DATE 8/24/21

BY: _____
FRANK S. MICELI, ESQUIRE
Attorney for Interested Party
Kurt A. Thompson
146 East Water Street
Lock Haven, PA 17745
570-748-4059
Atty ID# 39830