| In re: | Case No. 4:21-bk-01430-MJC |
|---|---|
| R & K Realty, | Chapter 7 |
| Debtor. | Objection to ECF No. 136 |

### Objection of Kurt A. Thompson to Supplemental Motion for Sale of Real Property at 214-216 North Lincoln Avenue, Jersey Shore, PA 17740, 405 Allegheny Street, Jersey Shore, PA 17740, and 416 Allegheny Street, Jersey Shore, PA 17740 Free and Clear of Liens and Encumbrances Pursuant to §363(F) of the Bankruptcy Code

**AND NOW**, Interested Party Kurt A. Thompson, by and through his attorney, hereby objects to the Supplemental Motion for Sale of Real Property at 214-216 North Lincoln Avenue, Jersey Shore, PA 17740, 405 Allegheny Street, Jersey Shore, PA 17740, and 416 Allegheny Street, Jersey Shore, PA 17740 Free and Clear of Liens and Encumbrances Pursuant to §363(F) of the Bankruptcy Code by Lawrence G. Frank, Trustee for R&K Realty.

Approval of this sale requires a showing of sound business judgment by Mr. Frank as the trustee. *In re Scimeca Found Inc.*, 497 B.R. 753, 771-72 (Bankr. E.D. Pa. 2013). When a trustee sells property, "it has an obligation to maximize revenues for the estate." *In re S.N.A. Nut Co.*, 186 B.R. 98, 104 (Bankr. N.D. Ill. 1995). Accepting the highest offer is normally essential. *In re Flannery*, 11 B.R. 974, 977 (Bankr. E.D. Pa. 1981). Where courts have accepted lower offers as sound judgment, there are usually particular reasons. *Scimeca*, 497 B.R. 753 at 779 (approving a lower, all-cash offer because the higher bidder relied on financing for which it had not been pre-approved and that the trustee could reasonably believe would not be obtained); *In re Bakalis*, 220 B.R. 525, 532–33 (Bankr.E.D.N.Y.1998) (approving lower bid instead of higher bid with unusual contingencies and substantial risk); *In re JL Building LLC*, 452 B.R. 854, 860 (Bankr. D. Utah 2011) (approving a bid below listing price because it was the only bid after the property had been on the market for over a year).

Mr. Frank's motion seeks approval for sale of 214-216 North Lincoln Avenue, 405 Allegheny Street, and 416 Allegheny Street to Spiko Inc. for $202,500.00. Although Kurt and

Karen Thompson have made a higher offer for all three properties for $217,500.00, Mr. Frank contends that the Spiko offer is best because it has agreed to pay cash, while Kurt and Karen's offer is contingent on bank financing.

The Court should not accept Mr. Frank's judgment to accept the lower offer as sound under the circumstances. As discussed above, Courts have approved lower offers when a trustee has reason to believe that a higher bidder is unlikely to obtain financing, when the higher offer creates risk for the estate, or when there is no higher bid at all. None of those particulars apply here. Kurt and Karen have been pre-qualified by Woodlands Bank for a loan of up to $500,000.00 for purchase of these properties. A true and correct copy of the pre-qualification letter is attached as Exhibit A. As Mr. Frank's motion notes, issuance of the loan is contingent upon Kurt and Karen supplying financial information to the bank and on the bank's appraisal of the property. Kurt and Karen have supplied all financial information to the bank as requested, but the bank has not yet appraised the property because the Court has not yet approved the sale agreement.

Only the objection to this motion filed by Richard C. Thompson Sr. and Clair D. Thompson & Sons Inc. has given rise to questions about Kurt and Karen's ability to obtain funding. The objection, which suggests that Kurt and Karen do not have assets, income, or a credit rating sufficient to obtain funding, is without merit. Karen is and has been employed as a trust and investment specialist at a local bank for the past three years, and Kurt receives social security benefits. They also have substantial assets in the form of cash, property, and financial investments.

Because the offer made by Kurt and Karen is the highest offer for the properties, and because Mr. Frank has not sufficiently shown how acceptance of a lower offer is a sound business judgment, the Court must deny the supplemental motion. Sale of this property to Kurt and Karen is in the best interest of the estate, because the higher sale price will yield more funds to unsecured creditors than a sale to Spiko.

**NOW, THEREFORE**, Kurt A. Thompson asks this Court to deny the supplemental motion in the form of order attached.

| | |
|---|---|
| Date: November 6, 2022 | CIBIK LAW, P.C.<br>*Counsel for Interested Party*<br>*Kurt A. Thompson*<br><br>By: /s/ Michael I. Assad<br>Michael I. Assad (#330937)<br>1500 Walnut Street, Suite 900<br>Philadelphia, PA 19102<br>215-735-1060<br>mail@cibiklaw.com |

## Certificate of Service

I certify that on this date I caused a true and correct copy of the Objection of Kurt A. Thompson to Supplemental Motion for Sale of Real Property at 214-216 North Lincoln Avenue, Jersey Shore, PA 17740, 405 Allegheny Street, Jersey Shore, PA 17740, and 416 Allegheny Street, Jersey Shore, PA 17740 Free and Clear of Liens and Encumbrances Pursuant to §363(F) of the Bankruptcy Code to be served on the following parties through the CM/ECF system along with all attachments:

U.S. Trustee
Lawrence G. Frank
Robert E. Chernicoff

| | |
|---|---|
| Date: November 6, 2022 | /s/ Michael I. Assad<br>Michael I. Assad |